UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN MITCHELL | CIVIL ACTION |
| VERSUS | NO:     23-2493 |
| KILOLO KIJAKAZI ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: "I" |

## REPORT AND RECOMMENDATION

This is an action for judicial review of a final decision of the Commissioner of Social Security, pursuant to Title 42 United States Code § 405(g). The Commissioner denied Plaintiff Kevin Mitchell ("Mitchell") eligibility for Disability Insurance Benefits ("DIB") under the Title II of the Social Security Act, 42 U.S.C. § 423.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b), for the submission of Proposed Findings and Recommendations.

**I.      Background**

Mitchell was a thirty-five-year veteran of the U.S. Air Force who was deemed 100% disabled by the VA due to multiple diagnoses. R. Doc. 10. Mitchell alleged a disability beginning on December 31, 2020, and asserted that he was 54 years and 7-month years old (closely approaching advanced age) at the time of the alleged onset date. R. Doc. 6. Mitchell has a High School education and past relevant work as a computer technician for the U.S. Air force, a medium and skilled job with an SVP of 7. *Id*.

The ALJ found that Mitchell had severe impairments consisting of ischemic heart disease, history of myocardial infraction, hypertension, multilevel degenerative disc disease with sciatica, degenerative joints disease of the right knee, diabetes mellitus with peripheral neuropathy, chronic

1

kidney disease, and obesity. R. Doc. 6, Finding 3. The ALJ further noted that the claimant and his counsel requested an on the record decision. *Id*. However, a partially favorable decision was issued on May 19, 2023, when the ALJ found that Mitchell was not disabled before May 4, 2021, but became disabled on that date and has continued to be disabled through the date of the May 19, 2023 decision. *Id*.

In doing so, the ALJ assessed the residual functional capacity (RFC) for less than a full range of light work with four (4) hours of standing and walking in an eight (8) hour day. R. Doc. 6, Finding 5. Per the vocational expert's testimony, Mitchell was unable to perform to his past relevant work (PRW) and had not acquired transferrable skills to light or sedentary jobs within the ALJ's limitations. *Id*. The ALJ further held that Mitchell could perform work as a Cashier II, Assembler, and Hand Packager. *Id*. The ALJ noted that the vocational expert's testimony is inconsistent with the information contained in the DOT and its companion text. *Id*.

However, the ALJ found that there was a reasonable explanation for this discrepancy. R. Doc. 6. The ALJ found that the job numbers have been reduced by 50% to account for the standing limitation in the claimant's residual function capacity. *Id*. at 29. According to the ALJ, this reduction was based on the vocational expert's education, training, and experience along with the testimony that was accepted by the ALJ. *Id*. The ALJ determined that Mitchell was "not-disabled" before May 4, 2021, and that transferability of job skills was not material to the determination of disability because the Medical Vocational rules supported their conclusion regardless of whether the skills were transferable or not. *Id*. The ALJ further held that as of May 4, 2021, Mitchell was not able to transfer job skills to other occupations and is disabled as of that time. *Id*.

Mitchell pursued an administrative appeal, which was denied. R. Doc. 1. Mitchell then filed a complaint in this Court challenging the ALJ's partial favorable determination, arguing that

2

the ALJ allegedly did not apply the proper legal standard. *Id*. at 2. Specifically, Mitchell contends that the ALJ mechanically applied the age categories under the Medical-Vocational Guidelines and that this constitutes clear and reversible error pursuant to 20 CFR §404.1563(b). *Id*. Mitchell further contends that the Commissioner's Program Operating Manual directly contradicts the plain wording and intent of 20 CFR §1563(b) and is therefore unconstitutional. *Id*.

In response, the Commissioner contends that contrary to the Mitchell's suggestion, 20 CFR §404.1563 and HALLEX 1-2-2-42 are in accord. R. Doc. 13. The Commissioner further contends that Mitchell's challenge fails because the ALJ properly found that the borderline age category rules did not apply in this case and that the plain reading of the regulation undermines Mitchell's position. *Id*.

## II.     **Standard of Review**

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). However, an ALJ's failure to apply the correct legal test constitutes a ground for reversal. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Substantial evidence is more than a scintilla, less than a preponderance, and considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *Ripley v. Chater,* 67 F.3d, 552, 555 (5th Cir. 1995); citing *Richardson v Perales*, 402 U.S. 389, 401 (1971).

It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found where there is only a "conspicuous absence of credible choices" or "contrary medical evidence." *See Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

However, a single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by treating physicians. *Franklin v. Soc. Sec. Admin.*, No. 12-2681, 2013 WL 5739078, at *2 (E.D. La. Oct. 22, 2013); citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3rd Cir. 1983).

### III. Analysis

#### A. The Borderline Age Circumstance

Mitchell contends that the ALJ should not have considered Mitchell's ability to perform unskilled light jobs because it was irrelevant under 20 CFR §404.1563 (b). R. Doc. 10. Mitchell further contends that his circumstances present a borderline situation and that he therefore should have been approved for benefits from December 31, 2020, the alleged onset date. *Id*.

In response, the Commissioner contends that 20 CFR §404.1563 (b) undermines Mitchell's position. R. Doc. 13. The Commissioner points out that the ALJ applied the two-part test and concluded that the borderline age regulation did not apply because Mitchell was found disabled before his last date of insured and before the date of the hearing. *Id*.

The Social Security Regulations indicate that the age categories should not be applied "mechanically in a borderline situation." 20 CFR § 404.1563 (b). "If [the claimant is] within a few days to a few months of reaching an older age category and using the older age category would

4

result in a determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors ...." *Id*.

Mitchell filed his application for disability benefits on September 27, 2021, and alleges that his disability began on December 31, 2020. R. Doc. 1. He contends that the ALJ's failure to apply the older age category as of that time renders the decision not based upon substantial evidence. R. Doc. 10. Essentially, Mitchell alleges that if the older age category applied to the application he filed on September 27, 2021, for a disability that began on December 31, 2020, he would have been awarded four months and four days' worth of additional benefits. *Id*.

The record shows that Mitchell was born on May 5, 1966, and that the ALJ found that he was disabled as of May 4, 2021, four months before he filed the application for disability. R. Doc. 6. The ALJ noted that while Mitchell's counsel argued that the borderline age category applies to this case, the ALJ found that the borderline age regulation was not applicable because Mitchell had reached advanced age before the date he was last insured and before the date of the hearing. *Id*. The ALJ found that Mitchell was disabled as of May 4, 2021, one day prior to his 55th birthday.[1] *Id*.

The HALLEX provides that the ALJ will determine the time under review between the date of adjudication or decision date and the date the claimant attains the age 55. *See* HALLEX I-2-2-42. If a claimant is "within a few days to a few months of reaching an older age category" during the review period, an ALJ may consider using the older age category in certain cases pursuant to 20 C.F.R. § 404.1563(b), but the ALJ is not required to do so and need not explain

---

[1] 20 C.F.R. § 404.1563(d), (e). Under Rule 202.06, a person of advanced age who is a high school graduate or more, where that educational level does not provide for direct entry into skilled work, and who is skilled or semi-skilled in areas that are not transferable is categorized as "disabled." Grids § 202.06.

5

why an older age category was not used. *Lockwood v. Comm'r*, 616 F.3d 1068 (9th Cir. 2010). However, the Fifth Circuit has held that the ALJ is required to provide some explanation as to why the lower age category was chosen. *See Schofield v. Saul,* 950 F.3d 315 (5th Cir. 2020).

In this case, the issue is not the selection of the lower age but whether the borderline age rule should have applied from Mitchell's alleged disability date. Mitchell turned 55 years old two years before the adjudication on May 19, 2023. R. Doc. 10. Further, Mitchell was insured through December 2026 and the ALJ's opinion was rendered on May 19, 2023. *Id.* According to the HALLEX, the period under review is the period between the date of adjudication, the date of last insured, and the date the claimant attains age 55; not the date the claimant alleges that he became disabled. *See* HALLEX I-2-2-42. Therefore, the borderline age rule did not apply during this period.

Mitchell relies on *Schofield* to support his contention that the ALJ mechanically applied the regulations and claims that the circumstances in *Schofield* are identical to this case. R. Doc. 10. However, the court in *Schofield* noted that the plaintiff needed to show that she was disabled "on or before the date she was last insured", not the alleged onset date. 950 F.3d at 315. The plaintiff in *Schofield* alleged that she was disabled since August 18, 2013, which was a few months before the date she was last insured on December 31, 2013. *Id*. On the day she was last insured, Schofield was 54 years, 8 months and 1 day old. *Id*. Under these facts, the ALJ found that Schofield was an "individual closely approaching advanced age." *Id.* However, the ALJ did not consider whether her age placed her in a "borderline situation" because she was within a few days to a few months of the advanced age category (which starts at 55 years old). *Id*.

The plaintiff in *Schofield* alleged that she was within the borderline four-month period of

reaching an older category-person of advanced age on the date she was last insured and that she should have been deemed disabled. 950 F.3d at 315. More specifically, she alleged that she was four months from turning 55-years-old on the date she was last insured, and that consideration should have been given to this fact before denying her benefits. *Id*. However, there was no evidence in the opinion suggesting that the ALJ considered the issue of whether "the borderline age rule" would apply given that on the date of last insured she was close to 55 years old. *Id*. The Fifth Circuit therefore reversed and remanded for further development of the record. *Id*.

Unlike in *Schofield,* Mitchell's date of last insured is not until December 31, 2026. R. Doc. 6. He also turned 55 years old on May 5, 2021, well before his date of last insured. *Id.* Mitchell filed his claim for disability on September 27, 2021, four months after he turned 55 years old. *Id.* Mitchell therefore benefitted from the advanced age category and has been deemed disabled as of May 4, 2021, one day prior to his birthday. *Id.* Therefore, the borderline rule was not mechanically applied but was not applicable as properly determined by the ALJ. The Court finds that the ALJ's determination is based upon substantial evidence.

**B.     Consistency of HALLEX and Regulations**

Mitchell next claims that the HALLEX is inconsistent with the regulation as it directs adjudicators to apply the age categories mechanically by "awarding an onset only 1 day prior to a claimant's birthday" if application would direct a favorable decision. R. Doc. 10. Mitchell contends that determining what constitutes the upper limit of the period prior to reaching the older age category is ambiguous. *Id*. Mitchell further contends that the Commissioner defined this upper limit as "a period not to exceed 6 months." POMS DI 25015.006. According to Mitchell, the HALLEX provision must be struck down because it directly contradicts the holding in *Schofield*

*v. Saul,* in which the Fifth Circuit found that the ALJ has no discretion to not follow the command in assessing whether an older age category may be applied. 950 F.3d 315 (5th Cir. 2020).

In response, the Commissioner contends that there is no conflict between the regulations and HALLEX I-2-2-42 because both state that a borderline age category exists (1) when either the claimant is a few days or a few months from entering an older age category and (2) application of the higher age category would result in a finding of disability. R. Doc. 13.

The HALLEX I-2-2-42 provides that;

> when determining disability, the Social Security Administration (SSA) will use each of the age categories applicable to a claimant during the period for which SSA is determining whether the claimant is disabled. SSA **will not apply the age categories mechanically in a borderline age situation.**

**The POMS DI 25015.006** provides that

> **Borderline Age Policy**
> If a claimant is within a few days to a few months of reaching a higher age category and using the chronological age results in a denial, consider using the higher age category if it results in a favorable determination, after you evaluate all factors (residual functional capacity (RFC)), age, education, and work experience) of the claim.
>
> **IMPORTANT:** If using the claimant's chronological age results in a partially or fully favorable determination, only consider the claimant's chronological age. **This is not a borderline age situation.**

20 CFR §404.1563(B) provides that:
> when we make a finding about your ability to do other work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. **We will not apply the age categories mechanically in a borderline situation.**

Upon review, HALLEX and 20 CFR §404.1563(B) are consistent with one another because they both provide that the age categories will not be mechanically applied when there is a borderline situation. As detailed above, the borderline situation applies when the person will be

denied benefits because their birthday came a few days or months after the last date of insured or the date of the ALJ decision. The POMS also confirms if using the age results in a favorable determination, the circumstance is not a borderline situation. Contrary to Mitchell's assertion, the meaning of the regulation is neither in doubt nor inconsistent. The Court further finds that the ALJ applied the correct legal standards and that their decision is supported by substantial evidence.

IV.     **Recommendation**

**IT IS RECOMMENDED** that the decision of the Administrative Law Judge be **AFFIRMED,** as it is based on substantial evidence, pursuant to Title 42 U.S.C. § 405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 8th day of April, 2024

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.